UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| WAVERLY GEORGE GUYTON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:23-CV-243-JEM |
| | ) | |
| MAURICE RAMONE WOODY, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. On April 25, 2024, Defendant, who is proceeding *pro se*, filed a document which the Court has interpreted as a motion to dismiss [DE 31]. Plaintiff, who is also proceeding *pro se*, filed his response on May 21, 2024, and Defendant filed his reply on June 20, 2024.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I.  Background**

Plaintiff filed his Amended Complaint against Defendant on July 31, 2023, seeking damages for injuries he allegedly suffered after Defendant called the police and accused him of breaking into Defendant's house. Plaintiff requests damages for defamation per se, including punitive, actual, and reputational damages, as well as injunctive relief.

The underlying state criminal proceedings in have not yet been resolved. A warrant has been issued for Plaintiff's failure to respond or comply with orders entered in the state court case.[1]

---

[1] Lake Superior Court Crim. Case No. 45G01-2305-F5-000247; *Daniel v. Cook Cty.*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

1

**II.    Analysis**

In the briefing on the instant motion, Plaintiff appears to be claiming that he is innocent of the pending criminal charges filed against him and asserting that Defendant's false accusations resulted in his arrest and ongoing prosecution. This claim involves "issues that may be litigated during the course of his criminal case," but "[d]eciding those issues in federal court could undermine the state court proceeding." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). " Instead, "[w]hen there is a parallel pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). In this case, the state court proceedings remain pending, and this Court must abstain from deciding the issue until they have been finalized. *See Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995) ("The policy against federal interference with pending state proceedings would [] be frustrated as much by a damages award as it would by either an injunction or a declaratory judgment. *Younger* abstention is therefore appropriate while the case works its way through the state appellate process").

The Court has inherent authority to stay a case where, as here, a litigant is effectively trying to litigate the same issues in two pending cases. Permitting "parallel civil litigation" runs counter to "core principles of . . . comity, consistency, and judicial economy." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). Allowing Plaintiff's civil case to proceed while the criminal case is pending "opens up another can of worms, because civil discovery is much broader than criminal discovery—that is, criminal defendants can learn a lot more about the prosecution's case through civil discovery than they otherwise would be able to in the criminal case alone." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020) (explaining that "[t]he distinction between the two discovery protocols is not idle: criminal

discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more airtight perjured testimony"). Given the overlap of the issues presented in this case and the criminal case pending in state court, those concerns are present here. The case must therefore be stayed until the state court criminal proceedings are fully resolved. Defendant's motion to dismiss will be denied without prejudice, with leave to re-file upon the completion of Plaintiff's State court proceedings (including any appeal).

### III.    Conclusion

In the interest of justice, the Court:

(1) **DENIES without prejudice** Defendant's motion to dismiss [DE 31];

(2) **STAYS** all further proceedings in this case pending the resolution of the state criminal proceedings (including any appeal) in case 45G01-2305-F5-000247 pending in Lake Superior Court;

(3) **ORDERS** Plaintiff to file a status report with the Court within 30 days of the conclusion of his state court proceedings (including the state appellate process) in case 45G01-2305-F5-000247 pending in Lake Superior Court;

(4) **VACATES** all deadlines and the status hearing currently set for **October 3, 2024**; and

(5) **DIRECTS** the Clerk of the Court to **STATISTICALLY CLOSE** this case until further order of the Court.

SO ORDERED this 15th day of August, 2024.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    Defendant Maurice Ramone Woody, *pro se*, first class mail,
       Plaintiff Waverly George Guyton, *pro se*, first class mail